[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
The court at this time does not address the substantive issues as to the respondent's claims as to the issues raised in its brief relating to claims that the plaintiff has failed to meet his burden of proof to have the court determine the injunctive relief sought.
The plaintiff agrees with the statement of facts related by the defendant with two notable exceptions:
(a) that the hearing on June 13, 1996 when the complainant gave testimony that plaintiff's cross examination of the complainant was interrupted and the hearing as to probable cause of violation of professional ethics as to Rule 1.4 had not been completed.
(b) that the reviewing committee's decision would be continued on June 24, 1996. The plaintiff herein was notified that in addition to the finding of probable cause as to violation of Rule 1.4 that other violations of Rule 1.8(e), Rule 1.8(f), Rule 1.8(h) and 8.4(a) would be presented at the public hearing noticed. (A copy of said notice is attached herewith).
The plaintiff brings this action seeking to enjoin the public hearing as to violation of Rule 1.4 which has not been completed by the grievance panel and also that the grievance panel hear CT Page 9193 testimony and make a finding as to probable cause relating to the additional violations that have been added for the scheduled public hearing.
The respondent moves to dismiss this application on the grounds that the court lacks subject matter jurisdiction because the plaintiff has not exhausted his administrative remedies.
The court disagrees with the respondent that the plaintiff has failed to allege facts which would constitute irreparable harm and that the plaintiff has an adequate remedy at law.
The plaintiff herein is only seeking to enjoin the public hearing on very serious charges against an attorney which he must answer at a public hearing.
Dismissal of this action on the grounds that it lacks subject matter jurisdiction is without merit. The file in this case had been ordered sealed to protect the lawyer's reputation until a public hearing is held. To say he must now meet the charges at the public hearing with the expanded charges (June 24, 1994) thereby exhausting the administrative remedies is likewise without merit.
The plaintiff argues that the allegations hurled by the complainant at the hearing which was before the reviewing committee was never presented to the grievance panel to determine initially if there was probable cause to have such violations heard at a public hearing.
This court does not lack subject matter jurisdiction to hear the evidence for the injunctive relief sought. Doe v. StatewideGrievance Committee, 41 Conn. App. 671.
Although the plaintiff may or may not prevail on the merits of his verified complaint, this court nonetheless has jurisdiction to hear the complaint. The motion to dismiss is denied.
Frank S. Meadow Judge Trial Referee
 Dainel B. Horwitch Statewide Bar Counsel (860) 568-5157
CT Page 9194
 STATE OF CONNECTICUT STATEWIDE GRIEVANCE COMMITTEE
 Second Floor — Suite Two 287 Main Street, East Hartford, Connecticut 06118-1885
June 24, 1996 Ms. Mia F. Griffin
1511 Pembroke Street, Apt. 3 Bridgeport, CT 06608
Attorney P.O. Box New Haven, CT
RE: Grievance Complaint #95-0215 Griffin v.
Dear Complainant and Respondent:
Based upon our review of the record and the testimony presented at the hearing held on June 13, 1996, the undersigned reviewing committee finds that there exists probable cause that the Respondent provided financial assistance to the Complainant in connection with pending or contemplated litigation in violation of Rule 1.8(e) of the Rules of Professional Conduct; acquired a proprietary interest in the Complainant's cause of action by providing financial assistance to the Complainant in violation of Rule 1.8(j) of the Rules of Professional Conduct; attempted to limit his liability to the Complainant for malpractice by having the Complainant sign a release, in violation of Rules 1.8(h) and 8.4(d) of the Rules of Professional Conduct; and engaged in conduct prejudicial to the administration of justice by contacting the Complainant after the grievance complaint was filed and requesting that the Complainant write a letter dated December 22, 1995, stating that she had no complaint with the Respondent, in violation of Rule 8.4(d) of the Rules of Professional Conduct.
This finding of probable cause is in addition to the grievance panel's finding of probable cause dated February 7, 1996. This complaint will be scheduled for an additional hearing before a reviewing committee of the Statewide Grievance Committee. Notice of the time and place of the hearing will be forthcoming.
Attorney Kate Haakonsen CT Page 9195
Attorney Anne Hoyt
Ms. Caroline Wakefield
CAD/asc cc: Attorney Max Brunswick